IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-124 |
| | ) | |
| ERIC HENRY | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the court on the defendant's motion for resentencing pursuant to the retroactive amendment to the crack sentencing guidelines [doc. 283]. The government has responded [doc. 285], and the defendant has filed a reply [doc. 286]. The court also has received a modified presentence report from the United States Probation Office.

The defendant was sentenced on April 12, 2007, to 36 months in prison for conspiracy to possess with the intent to distribute five grams or more of crack cocaine. This sentence was based on a guideline range of 70-87 months (base offense level 25 and a criminal history category III), which was reduced based on the government's motion for a downward departure due to substantial assistance. According to the Bureau of Prisons, the defendant is scheduled for release on September 8, 2008.

Under the retroactive amendment to the crack guidelines, the defendant's new guideline range is 57-71 months (base offense level 23 and a criminal history category III). With a comparable departure (49%), the defendant's sentence would be 29 months.

The government admits that the new crack sentencing guidelines apply in this case, but argues that a further reduction in the defendant's sentence is not appropriate. This argument is based on the fact that the defendant's 36-month sentence was based not only on his cooperation, but also on the court's determination that a further departure was reasonable and sufficient under 18 U.S.C. § 3553(a).

After years of study of the powder and crack cocaine guidelines, the United States Sentencing Commission determined that the 100-to-1 drug quantity ratio "significantly undermines the various congressional objects set forth in the Sentencing Reform Act." *Report to Congress: Cocaine and Federal Sentencing Policy*, p. 8 (May 2007). In addition to "strongly" urging Congress to address the problem, the Commission formulated new guidelines for crack cocaine to "somewhat alleviate" the "urgent and compelling" problems associated with the old guideline ranges. *Id.* at 9. The Commission recognized that the amended guidelines were "only a partial remedy" to 100-to-1 drug quantity disparity. *Id.* The court concludes, based on the Commission's findings, that the amended guidelines should be implemented absent a compelling reason to not do so.

The court rejects the government's argument in this case. Keeping in mind that the sentencing guidelines, even the amended provisions, are advisory, the court points out that the Commission issued a policy statement which specifically addresses the situation before the court. See U.S.S.G. § 1B1.10. It states, in relevant part:

> If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.

U.S.S.G. § 1B1.10(b)(2)(B). It is the last sentence of this provision upon which the government relies, arguing that because the court may have considered factors other than the defendant's cooperation, any further reduction is inappropriate.

The only reason appearing in the record for the extent of the court's departure was the defendant's cooperation; nevertheless, the court might have taken other factors into account in fashioning a sentence that was "sufficient, but not greater than necessary," to comply with the statutory purposes of sentencing. 18 U.S.C. § 3553(a). However, the court's sentence, and for that matter the government's motion for a downward departure, was based on the crack cocaine

3

guidelines in place at the time. Since then a new, slightly fairer guideline range has been formulated.

The government admits in its pleading that the "same factors" the court previously considered should be applied now. *See* doc. 285 at 6. The court finds that consideration of the same factors, using the new guideline range, results in a proportionate reduction in the defendant's sentence. If the new guideline range had been considered by the government and the court at the time of the defendant's original sentencing, there is no reason to believe that the proportionate amount of departure likely would not have been the same.

Notwithstanding the possibility that the court may have considered the § 3553 factors (as required by the Supreme Court in *Booker*) in addition to the defendant's cooperation, the court finds that the defendant's sentence should be refigured and the new guidelines applied unless there are public safety considerations or there have been some subsequent actions by the defendant making it unreasonable to do so. *See* U.S.S.G. § 1B1.10, Comment. (n.1(b)). Neither the government nor the probation office have advised the court of any such reasons in this case.

Therefore, it is hereby **ORDERED** that the defendant's motion for a reduction in his sentence based on the retroactive amendment to the crack guidelines is **GRANTED**, and the defendant's sentence is reduced to **29 months**. If this sentence is less than the amount of time the defendant has already served,

the sentence is reduced to a "time served" sentence.  This Order shall take effect ten (10) days (day-for-day) from its entry in order to give the Bureau of Prisons time to process the release of the defendant.  It is further **ORDERED** that Except as provided above, all provisions of the judgment dated April 17, 2007, shall remain in effect.

ENTER:

*s/ Leon Jordan*
United States District Judge